**FLORALIFE, INC., Plaintiff-Appellee,**

v.

**FLORALINE INTERNATIONAL, INC.,
Defendant-Appellant.**

**No. 86–1662.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 31, 1986.

Decided Oct. 31, 1986.*

Opinion Dec. 1, 1986.

Rehearing Denied Jan. 14, 1987.

Edward D. Gilhooly, Edward D. Gilhooly, Ltd., Chicago, Ill., for defendant-appellant.

James Van Santen, Hill, Van Santen, Steadman & Simpson, Chicago, Ill., for plaintiff-appellee.

Before BAUER, Chief Judge, POSNER, Circuit Judge, and PELL, Senior Circuit Judge.

POSNER, Circuit Judge.

This appeal presents a novel although not difficult question as to the meaning of a stipulation resolving a trademark dispute. Floralife, Inc. sells products to florists, including a preservative for cut flowers which it sells under the trademark "Floralife." Floraline International, Inc. offers the public a flower-ordering and delivery service through telephone terminals installed in public areas. Floraline sought to register "Floraline" with the Patent and Trademark Office as a service mark. Floralife filed both an opposition with the Patent and Trademark office and a complaint, in the federal district court in Chicago, charging Floraline with trademark infringement. Floralife requested and was granted a preliminary injunction in that action, and Floraline filed a notice of appeal

---

* The case was decided from the bench at the close of the appellant's argument, with a state-ment that an opinion would follow.

to this court; the Patent and Trademark Office had by this time sustained Floralife's opposition to the registration of "Floraline," and Floraline had appealed to the U.S. Court of Appeals for the Federal Circuit. At this juncture Floraline dismissed its appeal in this court and the parties signed and filed with the district court a stipulation the key paragraph of which states:

> In the event the decision of the Trademark Trial and Appeal Board [of the Patent and Trademark Office] is affirmed ... by the Federal Circuit ..., defendant [Floraline] will thereupon waive its objection to [personal] jurisdiction and venue in this action, and will consent to entry of a final order against defendant, without the assessment of damages, or attorney fees and costs, permanently enjoining defendant from using any trademark "Floraline" as a word feature or in stylized form for telemarketing units and floral industry credit cards, or on the services as specified in the defendant's various trademark application(s) or any other manner in the floral industry.

The Federal Circuit did affirm, whereupon Floralife submitted to the district judge, and the district judge, after a brief discussion with counsel for both parties but without an evidentiary hearing, signed, the following injunctive order:

> Defendant Floraline International, Inc., its officers, agents and all persons or entities in concert or privity with it are permanently enjoined from all further use of the trademark, trade style or designation "FLORALINE" or any colorable imitation thereof whether as trademark, trade name, servicemark or any other colorable imitation of the trademark and trade name "FLORALIFE" of the Plaintiff Floralife, Inc. Such injunction is against any use by the Defendant of any trademark "FLORALINE" as a word feature or in stylized form for telemarketing units and floral industry credit cards, or on the services as specified in the Defendant's various trademark application(s) or in any other manner in the floral industry.

Floraline appeals, arguing that the stipulation did not authorize the judge to enter an injunction that deviated from the language of the stipulation.

█ The stipulation is a contract. It must be enforced according to its terms. If it had said that, in the event of the Federal Circuit's affirming the ruling by the Patent and Trademark Office, Floraline would consent to the entry of the following order, or the attached order, or an order stating as follows, or had otherwise indicated that the parties had agreed on the language of the consent order, then the judge could not (at least on the authority of the stipulation) enter a different order, as he did here. But that is not what the stipulation said. It said that Floraline would consent to the entry of *a* final order, and then it stated the gist of the order, thus leaving it to the district judge, upon considering proposed drafts of an actual order when and if the condition precedent in the stipulation was fulfilled, to formulate the exact language. If Floraline mistrusted the judge, all it had to do was negotiate the exact language of the order with Floralife.

█ Any other interpretation would be ridiculous, because the language in the stipulation is so plainly not the language of a final order. A minor point is that by omitting all reference to Floraline's officers, and possible successors and assigns, the stipulation, if treated as a draft order rather than the sketch of an order, might invite an argument that no human being could be held in contempt for violating it and that Floraline could not be prevented from reincorporating and continuing to use "Floraline" as a trademark. In fact the principles of equity jurisprudence codified in Fed.R.Civ.P. 65(d) would automatically extend the reach of the injunction to officers, successors, etc., when acting in these capacities (see 11 Wright & Miller, Federal Practice and Procedure § 2956 (1973))—but then Floraline cannot argue that the judge added to the stipulation when he made the injunction expressly applicable to such persons. In any event a careful draftsman of an actual injunction would not be likely to leave the matter to implication.

More important, if the "order" is deemed limited to the word "Floraline," thus excluding such colorable imitations as "Flora-Line," it is not worth the paper it is typed

on, since it would enable Floraline to continue its trademark infringement, even while complying with the "order" by abandoning the trademark "Floraline." Finally, if the "order" is deemed limited to the trademark "Floraline" and excludes the use of the name as a trade name, then since Floraline must use its name in its advertising to identify itself to its customers, and on its telephone terminals and trademarks, there will be the same likelihood of confusion as with use of the name as a trademark. The only significant differences between the stipulation and the injunction actually entered by the judge are those necessary to give the stipulation the body and breath of an effective injunction. It is hardly likely that Floralife, in negotiating the stipulation, meant to give up its case against Floraline (which it had already won both in the Patent and Trademark Office and in the district court) in exchange for a porous, empty, worthless injunction—which is the interpretation that Floraline places on the stipulation. The words of the stipulation do not compel or even support such an interpretation, and contract interpretations that give one party everything and the other party nothing are implausible anyway and certainly should not be adopted without any support in the language of the contract.

Floralife has asked us to award it the attorney's fees that it has incurred in defending this appeal, which it describes as a disingenuous attempt by Floraline to wriggle out of the obligations that it freely assumed by signing the stipulation. The parties by their stipulation consented to be bound by the outcome of the appeal to the Federal Circuit, which Floralife won hands down; and the injunction entered by the district judge was no broader than Floraline should have anticipated as the consequence of losing in the Federal Circuit, which upheld the finding of a likelihood of confusion between "Floraline" and "Floralife." We agree that the appeal is frivolous—an effort by Floraline to renege on a stipulation that it signed with its eyes open—and that the waiver of attorney's

fees in the stipulation has reference only to the proceedings in the district court; and we reiterate this court's unwillingness to allow its processes to be abused by litigants unwilling or unable to evaluate the merits of an appeal. See, e.g., *Dreis & Krump Mfg. Co. v. International Ass'n of Machinists & Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 255–56 (7th Cir.1986). Rule 38 of the Federal Rules of Appellate Procedure authorizes an award of reasonable attorney's fees as a sanction for a frivolous appeal. See Note of Advisory Comm. to Rule 38; *Dreis & Krump Mfg. Co. v. International Ass'n of Machinists & Aerospace Workers, Dist. No. 8, supra*, 802 F.2d at 255. Floralife shall submit to the clerk of this court, within 15 days, a statement of its attorney's fees reasonably incurred in defending this appeal.

AFFIRMED, WITH SANCTIONS.